THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO NUECI-PENA,

    Petitioner,

v.

THE UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 22-1272 (ADC)**
**[Related to Crim. No. 07-088 (ADC)]**

## OPINION AND ORDER

**I.    Introduction**

Pending before the Court is petitioner Francisco Nueci-Pena's ("petitioner") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed on June 10, 2022. **ECF No. 1**. The United States of America ("respondent" or "United States") opposed petitioner's motion, arguing that the claim is untimely and constitutes an unauthorized successive § 2255 petition. **ECF No. 3**. Petitioner replied on April 23, 2024. **ECF No. 4**.

Having considered the above filings, and for the ensuing reasons, the Court **DENIES** petitioner's request.

**II.    Background**

In 2007, petitioner was convicted by a jury for violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501. In September 2010, he was sentenced to 292 months in prison, and the sentence was affirmed on appeal. *See United States v. Nueci-Pena*, 711

F.3d 191 (1st Cir. 2013). In 2014, petitioner filed a § 2255 petition, alleging ineffective assistance of counsel. ECF No. 460, Crim. No. 07-088 (ADC) (June 18, 2014). The court dismissed that petition on the merits and with prejudice. ECF No. 491, Crim. No. 07-088 (ADC) (Aug. 16, 2016).

On June 10, 2022, petitioner filed the instant motion under 28 U.S.C. § 2255. In it, petitioner argues that his prosecution under the MDLEA violated international law and his Constitutional rights, and that his sentence should be vacated. **ECF No. 1**, at 23.

The United States opposed petitioner's motion on two grounds. **ECF No. 3**. First, the United States argues that petitioner's motion is untimely, explaining that he had until June 17, 2013, to file his § 2255 petition, but did not do so until June 10, 2022. *Id*. at 2-3. Secondly, the United States claims that petitioner cannot file a successive § 2255 petition without a certificate of appealability from the court of appeals. *Id*. at 3-4.

### III.  Legal Standard

To succeed on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, the petitioner must illustrate that the "sentence was (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (citing *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). Such relief is only available to individuals who are "prisoner[s] in custody under sentence of a court established by [an] Act of Congress. . . ." 28 U.S.C. § 2255(a).

Section 2255 establishes a one-year limitations period for habeas petitions filed by prisoners in federal custody. 28 U.S.C. § 2255(f). This period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). When an individual does not seek review from the Supreme Court "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States,* 537 U.S. 522, 525 (2003). In a federal criminal case, a petition for a writ of certiorari must be filed within 90 days of entry of the judgment by a court of appeals. *Ramos-Martínez v. United States*, 638 F.3d 315, 320–21 (1st Cir. 2011).

Equitable tolling is available under § 2255(f) in cases in which "circumstances beyond the litigant's control have prevented [him or her] from promptly filing." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005). Equitable tolling should be applied sparingly. *Ramos-Martínez*, 638 F.3d at 322.

**IV.    Discussion**

Petitioner filed a direct appeal challenging his conviction under the MDLEA on January 11, 2010. ECF No. 331, Crim. No. 07-088 (ADC). The First Circuit affirmed the conviction on March 19, 2013. *Nueci-Pena,* 711 F.3d 191. Petitioner did not file a petition for a writ of certiorari, and therefore the judgment became final 90 days later, on June 17, 2013. *See Ramos-Martínez*, 638 F.3d at 320-21. Accordingly, June 17, 2014, was the deadline for petitioner to file his § 2255 motion, yet he filed the instant petition on June 10, 2022. **ECF No 1**. Petitioner's motion is nearly eight years too late.

Moreover, petitioner claims neither that equitable tolling should apply to his claims nor that there were any circumstances beyond his control that existed and prevented him from timely filing his petition. *See* **ECF No. 1**. Petitioner not only fails to allege any such circumstances, but instead argues that this is an "issue of subject-matter jurisdiction." *Id.* at 2-3. This is inapposite ultimately, because petitioner's motion is subject to the threshold issue of the § 2255's time constraints, and the petition is therefore barred.[1]

## V. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. § 2255. To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[1] Given that petitioner's complaint is time-barred by nearly eight years and the petitioner provides no explanation for the delay in his filing, the Court finds it unnecessary to address defendant's alternative argument for denial of the petition regarding petitioner's successive § 2255 petitions. **ECF No. 3**, at 3-4. The fact that this is a successive § 2255 petition without a certificate of appealability, however, is another, independent basis for denial and dismissal. *See Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2015) ("A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so.").

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying that standard here, jurists of reason would not find it debatable whether petitioner's claims should be denied as untimely. Accordingly, the COA is **DENIED**.

**VI.   Conclusion**

For the above-stated reasons, the Court **DENIES** petitioner's motion to vacate, set aside, or correct sentence at **ECF No. 1**. The above-captioned case is **DISMISSED**. Judgment shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of May 2025.

                                                     **S/AIDA M. DELGADO-COLÓN**
                                                     **United States District Judge**